

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| SCOTT WOMBOLT,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | CV 15–57–BU–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on March 24, 2016, recommending dismissal of Petitioner Scott Wombolt's ("Wombolt") application for writ of habeas corpus under 28 U.S.C. § 2254. Wombolt timely filed objections and is therefore entitled to de novo review of those Findings and Recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Upon review of the objections, the Court finds that Wombolt fails to object to the legal reasoning applied in the Findings and Recommendations. Instead, Wombolt attempts to offers various arguments supporting his dual overall claims of ineffective of assistance of counsel or actual innocence. In support of these claims, Wombolt states: (1) that he did not have access to the prison library or legal books for almost sixty days after he was imprisoned; (2) his attorney failed to respond to the letters he sent; (3) the Hodges's affidavit implied that Wombolt's prescription medication was being taken by juveniles; (4) Wombolt had been heavily medicated for 10 years and under the influence of medication at the time of sentencing; (5) Wombolt's attorney failed to explain the seriousness of sentencing to him; (6) Wombolt's attorney failed to properly investigate his case by not interviewing Laurie Hodges; (7) Wombolt's attorney failed to move for a change of venue for the trial; and (8) the police threatened and coerced Brandon Wombolt into making false statements about the death of Reno Puccinelli.

Upon de novo review of these arguments, the Court finds that they fail to undermine Judge Lynch's finding that Wombolt's petition is time barred and must be dismissed. First, as stated by Judge Lynch and the Montana Supreme Court, Wombolt's claim that his attorney failed to explain the importance of a timely appeal is speculative and conclusive. Wombolt simply fails to offer any evidence,

other than his own arguments, which support this claim. Further, even if these allegations were true, they fail to "constitute an extraordinary circumstance" which would warrant equitable tolling. *See Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010) (attorney's failures to perfect timely direct appeal and provide petitioner with legal files were not extraordinary circumstances warranting equitable tolling).

Second, the above arguments supporting Wombolt's claim of actual innocence also fail to convince this Court that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Primarily, as noted by Judge Lynch, the Hodges's affidavit fails to offer any first-hand knowledge that Puccinelli, or someone else, stole Wombolt's medication without his knowledge. Further, the Court shares Judge Lynch's suspicions concerning the timing of Brandon's affidavit. Nonetheless, even if the Court were to ignore the timing of this affidavit, the Court agrees with Judge Lynch that Brandon's father-son relationship undercuts the reliability of this information. As such, the Court finds that Wombolt fails to satisfy the actual innocence requirements of *Schlup*.

Accordingly, the Court reviews the remainder Judge Lynch's Findings and Recommendations for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 9) are ADOPTED IN FULL.

(2) Wombolt's Petition (Doc. 1) is DISMISSED WITH PREJUDICE as time-barred without excuse.

(3) The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

(4) A certificate of appealability is DENIED

DATED this 31st day of May, 2016.

_____
Dana L. Christensen, Chief Judge
United States District Court